UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

THERMOSOURCE TOOLING
& MANUFACTURING, INC.,

        Plaintiff,

v.

DISPLAY PACK INC.,

        Defendant.

Case No. 1:26-cv-01447

Hon. Jane M. Beckering

Mag. Judge Ray Kent

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c) and WD Mich L. Civ. R. 5.7(g), the parties stipulate, and the Court orders, as follows:

**1.** **Scope and Definitions.** This Protective Order ("Order") governs the use and disclosure of all confidential, proprietary, or trade secret information ("Protected Information") produced or exchanged in this Litigation, including through pleadings, depositions, interrogatories, document productions, and all other discovery. Protected Information shall be held in strict confidence, used solely for purposes of this Litigation, including any ADR, settlement, court proceedings, and appeals, not used for any business or commercial purpose, and disclosed only to authorized persons pursuant to this Order. "Protected Information" means any document or information that the producing party believes in good faith pertains to its business, is not generally known, and would not normally be revealed to third parties, the disclosure of which would likely cause serious harm. This includes, without limitation, customer and financial information, trade secrets, pricing and cost data, business strategy, personnel data, and any information qualifying as

confidential under statute or any other applicable legal standard. A designation does not constitute an admission by the non-designating party that the information is confidential or a trade secret.

2. **Designation Procedures.** A producing party may designate discovery material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") by marking each page legibly at or before the time of production. Designations may also be made during depositions. "CONFIDENTIAL" designations require a good-faith belief that the material constitutes Protected Information or is subject to a legally protected right of privacy. "AEO" designations require a good-faith belief that the material is so highly sensitive that disclosure without extraordinary protection would create a substantial risk of serious harm not avoidable by less restrictive means. Pre-Order designations remain effective. Post-Order designations of previously disclosed materials do not restrict persons who received such materials before entry of this Order. Unless otherwise designated, deposition transcripts shall be treated provisionally as AEO for thirty (30) days following receipt, during which any party may designate specific portions by written notice to all parties.

3. **Permitted Disclosures.**

(a) **AEO Material:** Except by court order or written consent of designating counsel, AEO material may be disclosed only to (i) the Court and its personnel; (ii) court reporters; (iii) outside counsel for the parties and their staff actively assisting with the Litigation; (iv) experts and consultants retained for the Litigation who have executed the certification required by ¶ 4, provided they are not employees of or non-litigation consultants to any party; (v) witnesses at depositions, hearings, or trials who authored, used, received, or were properly shown the document; and (vi) other persons designated by consent of all counsel or court order.

(b) **CONFIDENTIAL Material:** In addition to the persons listed in ¶ 3(a), CONFIDENTIAL material may also be disclosed to (i) the parties' counsel (including in-house

counsel) and counsel's staff; (ii) any person identified from the document itself as having authored or previously received it; (iii) any party; (iv) witnesses at depositions, hearings, or trials, provided such witnesses execute the certification required by ¶ 4; and (v) experts or consultants who have executed such certification.

4.     **Certification.** Before disclosing Protected Information to any party employee, expert, or consultant, counsel shall require that person to sign a written certification acknowledging that they have read and agree to be bound by this Order, that all materials received will be used solely for this Litigation, and that violation is subject to sanctions, including monetary and other relief the Court deems just. Counsel shall maintain a list of all persons who have executed certifications and make it available to the designating party upon request.

5.     **Safeguarding.** Recipients of Protected Information shall maintain it in a secure area and shall exercise due and proper care with respect to its storage, custody, and use. The Court accepts no duty under this paragraph.

6.     **Court Filings.** Before filing any Protected Information with the Court, the filing party shall provide reasonable notice and a copy of the material to the designating party and shall either: (1) file the material as a separate, restricted-access event in PACER consistent with the Local Rules of this District; or (2) move to file the material under seal or with redactions under the Federal Rules of Civil Procedure and applicable Local Rules. Documents filed in judicial proceedings that are not sealed, redacted, or access-restricted are public. This Order does not provide for automatic sealing. A confidentiality designation is not dispositive proof that materials are entitled to protection from disclosure.

7.     **Final Disposition.** Within ninety (90) days of the conclusion of the Litigation, including any appeals, all Protected Information and copies thereof not in the Court's custody shall

be returned to the producing party or destroyed (with destruction certified by affidavit), provided that counsel may retain their notes, work product, and one file copy.

8. **Challenging Designations.** A party may challenge any confidentiality designation at any time by notifying the designating party and attempting to resolve the dispute through meet-and-confer. If unresolved, the objecting party may file a motion with the Court. Pending resolution, materials retain their existing designation. The Court may review any designated document in camera. Failure to challenge a designation before trial or a dispositive motion is not an admission that the material is confidential and does not waive the right to contest confidentiality at trial or in dispositive motions. Before trial, counsel shall confer with the Court regarding the treatment of Protected Information in the court record and any jury instructions.

9. **General Provisions.** Any party may apply to the Court for modification of this Order. Nothing in this Order limits a producing party from using its own documents and information in any manner; however, this provision does not modify any existing agreements or laws protecting confidential information. Non-parties producing documents in this Litigation who may desire confidential treatment shall be notified of this Order and may avail themselves of its protections.

10. **Inadvertent Production.** Inadvertent production of privileged or confidential documents does not waive any privilege or claim of confidentiality in this Litigation or in any other federal or state proceeding. The producing party may subsequently designate such materials, and the receiving party shall promptly return or destroy all copies (with destruction certified by affidavit). Such documents shall not be introduced into evidence or produced in any proceeding without the producing party's consent. This Order shall be interpreted to provide the maximum protection against waiver permitted by Federal Rule of Evidence 502(d).

**11.** **Limitations.** This Order does not apply to information that (a) is in the public domain at the time of disclosure; (b) enters the public domain after disclosure through no violation of this Order; or (c) was received by the receiving party from a source that obtained it lawfully and under no confidentiality obligation to the producing party.

**12.** **Artificial Intelligence Systems.** Protected Information shall not be entered into any open artificial intelligence system. For purposes of this Order, "open artificial intelligence system" means any computer technology with the ability to simulate human intelligence to generate derived synthetic content, including text, images, video, and audio, that emulates the structure and characteristics of the system's training data (e.g., ChatGPT, Claude, Copilot, Gemini). It does not include closed or enterprise systems.

**IT IS SO ORDERED.**

Date:  August 5, 2026          /s/ Ray Kent
                              RAY KENT
                              United States Magistrate Judge

**SO STIPULATED.**

Date: August 3, 2026                    Date: August 3, 2026

GREENBERG TRAURIG, LLP                  VARNUM LLP
Attorneys for Plaintiff                 Attorneys for Defendant

By: */s/ Nicole M. Goodwin (w/ permission)*    By: */s/ Kylee R. Nemetz*
    Nicole M. Goodwin (*pro hac vice*)             Aaron M. Phelps (P64790)
    nicole.goodwin@gtlaw.com                       Kylee R. Nemetz (P85452)
                                                   amphelps@varnumlaw.com
                                                   krnemetz@varnumlaw.com

29534949.1